**GRIFFITH–CONSUMERS CO. v. NOONAN et al.**

No. 8335.

United States Court of Appeals for the District of Columbia.

Argued May 6, 1943.

Decided June 4, 1943.

Mr. Selig C. Brez, of Washington, D. C., with whom Mr. Colman Brez Stein, of Washington, D. C., was on the brief, for appellant.

Mr. Martin F. O'Donoghue, of Washington, D. C., with whom Mr. Thomas X. Dunn, of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

.ARNOLD, Associate Justice.

The appellant, Griffith-Consumers Company, installed a boiler for heating purposes on premises owned by the appellees, Trustees of the Estate of John J. Noonan, deceased, under a written contract which contained no. express provisions of warranty. After the boiler was installed it appeared that there was insufficient draft in the chimney to allow it to operate properly. Insufficient heat, excessive coal consumption, insufficient hot water, and noxious gases and fumes have resulted partly from the inadequacy of the boiler, and partly from a failure to complete the installation in a skillful and workman-like manner. The boiler is still on the premises and is still being used for heating purposes, but the estate refuses to pay the balance of the purchase price on the ground that the boiler is unfit for the purpose for which it was installed. Griffith-Consumers Company brought suit for $1483.00, the amount of the unpaid balance. The estate set up a breach of implied warranty as a defense, and also counterclaimed for $2,000.00 damages.

The trial court found, on what we consider sufficient evidence, that the purpose for which the boiler was to be used had been made known to the seller prior to the contract; that the buyer relied upon the skill and judgment of the seller; that the boiler was installed negligently and did not function adequately; and finally, that it was not fit for the purpose which had been previously disclosed to the seller. Accordingly, the claim for the balance of the purchase price was denied. Since the estate produced no evidence of the amount of damages caused by the breach of warranty, the court dismissed the counterclaim.

The contract appears to be for the installation of a heating system, rather than for the sale of a boiler. However, under Sub-section (1) of Section 28—1115 of the District of Columbia Code (1940), where the buyer discloses to the seller the particular purpose for which the goods are required, and relies on the seller's

skill or judgment, there is an implied warranty that the goods are reasonably fit for that purpose. Therefore, such an implied warranty arises in this case even if we consider it as coming within the Sales Act.

 The appellant argues that since the appellees still have possession of and are using the boiler, the burden of proof is on them to show the amount of damages for breach of warranty which are to be deducted from the purchase price. This would be true if the breach of warranty related to some minor condition of the contract which could be construed as a condition subsequent. Here, however, the trial court found that the boiler when installed was unfit for the purpose which had been previously disclosed to the seller. This is not a sufficient performance of the contract to entitle appellant to recover the balance due on the contract price. It is not the duty of appellees, under these circumstances, to go to the expense of tearing out an unsatisfactory heating system in order to return the boiler. If the appellant seeks to recover quantum meruit, on the theory that the appellees are using the boiler in spite of its defects, the burden of proof is on him to show its reasonable value under these conditions. Since appellant offered no evidence of the value of the heating system in its defective condition, there can be no recovery on that ground.

The judgment of the trial court is, therefore, affirmed.